# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID D. KEENER,**
**Claimant Below, Petitioner**

vs.)　No. 14-0165　(BOR Appeal No. 2048621)
　　　　　　　　　　　(Claim No. 2001028544)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ISLAND FORK CONSTRUCTION, LTD,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David D. Keener, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 24, 2014, in which the Board affirmed a July 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 26, 2011, decision denying Mr. Keener's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Keener filed an application for permanent total disability benefits on May 27, 2005, after sustaining multiple work-related injuries over the course of several years and amassing 54% in prior permanent partial disability awards. On August 14, 2007, Paul Bachwitt, M.D., performed an independent medical evaluation and found that Mr. Keener sustained 8% whole person impairment for injuries to his right wrist, 2% whole person impairment for fractures of his seventh and eighth ribs, 5% whole person impairment for range of motion abnormalities in the lumbar spine, and 20% whole person impairment as a result of gait derangement arising from a crush injury to Mr. Keener's left leg. He then applied the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and concluded that Mr. Keener sustained 32% whole person impairment as a result of his compensable injuries.

On March 18, 2011, the Permanent Total Disability Review Board issued its final recommendation and determined that Mr. Keener failed to meet the 50% whole person impairment threshold required for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1) (2005). The Permanent Total Disability Review Board found that Dr. Bachwitt's independent medical evaluation is reliable and credible, and further found that it is the most current and accurate assessment of Mr. Keener's amount of whole person impairment. However, it determined that Dr. Bachwitt's finding that Mr. Keener sustained 5% whole person impairment as a result of range of motion abnormalities in the lumbar spine should be modified to reflect 8% whole person impairment arising from range of motion abnormalities in the lumbar spine. It further found that Mr. Keener sustained 10% whole person impairment as a result of occupational pneumoconiosis. The Permanent Total Disability Review Board then determined that according to the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Mr. Keener sustained 40% whole person impairment as a result of his compensable injuries.

On July 26, 2011, the claims administrator denied Mr. Keener's request for a permanent total disability award. On September 5, 2012, Bruce Guberman, M.D., performed an independent medical evaluation for the purpose of determining the amount of permanent impairment arising from the crush injury to Mr. Keener's left leg. Dr. Guberman determined that Mr. Keener sustained 28% whole person impairment as a result of range of motion impairment, sensory loss, peripheral vascular disease, edema and superficial ulceration, and multiple surgical scars. In its Order affirming the July 26, 2011, claims administrator's decision, the Office of Judges held that Mr. Keener failed to meet the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award pursuant to West Virginia Code § 23-4-6(n)(1). The Board of Review affirmed the conclusions of the Office of Judges in its decision dated January 24, 2014.

Mr. Keener amassed 54% in prior permanent partial disability awards, which makes his application for permanent total disability benefits reviewable by the Permanent Total Disability Review Board pursuant to West Virginia Code § 23-4-6(n)(1). Upon review, the Permanent Total Disability Review Board concluded that Mr. Keener has not met the 50% whole person threshold necessary for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1). On appeal, Mr. Keener asserts that when assessing his

amount of whole person impairment, the Combined Values Chart contained in the American Medical Association's *Guides to the Evaluation of Permanent Impairment* should not be utilized. Mr. Keener further asserts that the Permanent Total Disability Review Board erred in utilizing the Combined Values Chart, and the Office of Judges and Board of Review erred in relying on the Permanent Total Disability Review Board's conclusions.

West Virginia Code § 23-4-6(n)(1) provides that a claimant will be reevaluated "pursuant to subdivision (i) of this section" for the purpose of determining whether the claimant sustained 50% or more whole person impairment, as is required for further consideration of permanent total disability benefits. West Virginia Code § 23-4-6(i) (2005) mandates the adoption of standards for the evaluation and determination of a claimant's whole person impairment, which are codified in West Virginia Code of State Rules § 85-20-65.1 (2006). In turn, West Virginia Code of State Rules § 85-20-65.1 states that the amount of whole person impairment should be determined in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, which instruct that the Combined Values Chart be used when determining the amount of whole person impairment. Therefore, the Permanent Total Disability Review Board's use of the Combined Values Chart was not only proper, but necessary.

Further, Mr. Keener argues that the Office of Judges and Board of Review erred in not applying the findings regarding the left leg contained in Dr. Guberman's report. Although the Office of Judges accepted the analysis of the Permanent Total Disability Review Board, the Office of Judges performed an analysis using Dr. Guberman's conclusions and determined that Mr. Keener would still fall short of the 50% whole person impairment threshold necessary for further consideration of a permanent total disability award. In performing its analysis, the Office of Judges utilized the Combined Values Chart which, as described above, is required. It is therefore clear that with or without the inclusion of Dr. Guberman's report, Mr. Keener has failed to meet the 50% whole person impairment threshold necessary for further consideration of permanent total disability benefits pursuant to West Virginia Code § 23-4-6(n)(1).

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II